**In re John D. ROBNETT, Debtor.**

**John D. ROBNETT, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

BAP No. EC–93–1407–RVJ.
Bankruptcy No. 92–28539–B–7.
Adv. No. 92–2496.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted on Briefs on Jan. 20, 1994 [1].

Decided March 11, 1994.

R.Bankr.P. 8012 and BAP Rule 3(a).

Diana P. Nowezki, Washington, DC, for appellee.

Before: RUSSELL, VOLINN, and JONES, Bankruptcy Judges.

PER CURIAM:

The debtor filed a complaint under 11 U.S.C. § 505 [2] seeking to have his tax liability determined, claiming that he was constitutionally exempt from federal income taxes. The IRS filed a motion to dismiss. The bankruptcy court granted the IRS's motion. The debtor appeals. We AFFIRM.

## I. FACTS

The debtor, John D. Robnett ("Robnett") had failed to file his federal income tax returns for the years 1984 through 1989. Consequently, the appellee, the Internal Revenue Service ("IRS") prepared substitute returns after conducting audits and made deficiency assessments against Robnett for those years. In addition, the IRS charged Robnett with civil penalties for the years 1990 and 1991 relating to filing a false W–4 form and frivolous income tax returns.

On September 29, 1992, Robnett filed a Chapter 7 petition. On October 13, 1992, Robnett filed a complaint to determine his federal tax liability. Essentially, Robnett is alleging that the IRS assessments are constitutionally invalid because "Congress never intended U.S. citizens earning only ordinary wages to be liable for the personal income tax."

On February 8, 1993, the IRS filed a motion to dismiss. The motion to dismiss was based on several grounds:

(1) insufficient service of process against the United States;

(2) no statute waives the United States' sovereign immunity; and

(3) Robnett failed to state a cause of action for which relief can be granted.

On March 16, 1993, the bankruptcy court held a hearing on the IRS's motion to dis-

---

John D. Robnett, in pro per.

**2.** Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

miss. The bankruptcy court granted the motion to dismiss in favor of the IRS. The debtor filed a timely notice of appeal.

## II. ISSUE

Whether the bankruptcy court erred in dismissing the debtor's complaint under § 505 seeking to constitutionally exempt him from payment of federal income taxes.

## III. STANDARD OF REVIEW

■ A dismissal for failure to state a claim upon which relief may be granted is a ruling on a question of law and as such is reviewed *de novo*. *Oscar v. University Students Cooperative Ass'n*, 965 F.2d 783, 785 (9th Cir.) (en banc), *cert. denied*, — U.S. —, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992); *In re Englander*, 92 B.R. 425, 427 (9th Cir. BAP 1988).

## IV. DISCUSSION

■ Robnett claims that only the "extremely wealthy" were intended to be liable for federal income tax. As support for his proposition, Robnett has supplied this Panel with several excerpts from the 61st Congress debating the 16th Amendment.

Robnett has failed to provide any support for his claim which would entitle him to the relief he is seeking. Merely citing a congressional record without supporting authority is insufficient.

The Ninth Circuit has classified this type of case as neither advancing the law nor serving any purpose except to clog the court's dockets, waste judicial time and cause protracted delays in worthy litigation. *Cook v. Spillman*, 806 F.2d 948 (9th Cir.1986). *Accord, Lonsdale v. United States*, 919 F.2d 1440, 1447–48 (10th Cir.1990) (holds plaintiff is a person subject to federal income tax and rejects numerous other frivolous tax protester arguments); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir.1984) (all individuals, natural or unnatural, are subject to federal income tax upon their wages).

In *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir.1992), *cert. denied*, — U.S. —, 113 S.Ct. 2447, 124 L.Ed.2d 664 (1993), the Eighth Circuit found that the constitutional tax protest issues are "completely without merit, patently frivolous and will be rejected without expending any more of this Court's resources on their discussion." *Id.* We do the same.

Under BAP Rule 13, we may apply the Federal Rules of Appellate Procedure where the Bankruptcy Rules and the BAP Rules are silent as to a particular matter of practice before the Panel.

■ Under Fed.R.App.P. 38, if we determine that an appeal is frivolous, then damages and single or double costs may be awarded to the appellee. We have held that under Rule 38, a frivolous appeal is one where the result is obvious or the arguments are wholly without merit. *In re Burkhart*, 84 B.R. 658, 661 (9th Cir. BAP 1988). We find this argument wholly without merit as well as being "patently frivolous."

## V. CONCLUSION

The bankruptcy court did not err in dismissing Robnett's complaint for failure to state a claim upon which relief may be granted. In addition, we order, as appropriate, sanctions for prosecution of this frivolous appeal of $1,500 as damages[3] and double costs to be awarded to the appellee.

---

**3.** The Ninth Circuit has previously sanctioned $1,500 as damages in lieu of costs and attorney's fees in a frivolous tax protester appeal. *Cook v. Spillman*, 806 F.2d 948, 949 (9th Cir.1986). *See also Coleman v. C.I.R.*, 791 F.2d 68, 73 (7th Cir.1986) ("Even $1,500 cannot cover the indirect costs of this litigation—including the costs that befall serious litigants, who must wait longer for their cases to receive judicial attention.")