In re Vergil SAYLOR; Roberta Saylor, Debtors.

Phillip QUARRÉ, Trustee of the Quarré Marital Trust, Appellant,

v.

Vergil SAYLOR; Roberta Saylor; Steven Earl Smith, Appellees.

BAP No. CC–94–1251–BVH.
Bankruptcy No. LA 93–30978–GM.
Adv. No. LA 93–03619–GM.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 21, 1994.

Decided Jan. 12, 1995.

Before BRANDT [1], VOLINN and HAGAN, Bankruptcy Judges.

### OPINION

BRANDT, Bankruptcy Judge.

Appellant, a judgment creditor, seeks reversal of the order denying his motion for entry of a default judgment and dismissing his nondischargeability complaint against debtors. As debtor-transferors can have no monetary obligation under the state fraudulent transfer law which could be nondischargeable, we AFFIRM.

### CONTEXT

On 24 July 1990, Plaintiff Phillip Quarré, as Trustee of the Quarré Marital Trust, ("Quarré") filed a complaint in the Superior Court of Orange County against Vergil Saylor and the Saylor Supply Corporation for breach of a lease agreement (the "Original Action"). Approximately one month later, the Saylor Supply Corporation filed for bankruptcy under chapter 7 of the Bankruptcy Code.[2]

On 5 December 1990, Vergil and Roberta Saylor transferred three parcels of real property to William and Frances Lyon. The only consideration the Saylors received for the transfer was a life estate in one of the three properties transferred. On 18 July 1991, the Superior court entered judgment in favor of Quarré against Vergil Saylor in the amount of $284,683.02.

Seeking to satisfy his judgment in the Original Action, plaintiff filed a second complaint against the Lyons and the Saylors in Los Angeles Superior Court alleging a violation of the California Uniform Fraudulent Transfer Act (the "Fraudulent Transfer Action"). Vergil and Roberta Saylor filed their chapter 7 petition on the eve of Quarré's summary judgment motion in the Fraudulent Transfer Action, on 16 July 1993.

Quarré thereafter filed this adversary proceeding to determine the dischargeability of

William R. Warne, Orange, CA, for appellant.

Counsel for the appellees did not participate in the appeal.

---

1. Hon. Philip H. Brandt, Bankruptcy Judge for the Western District of Washington, sitting by designation.

2. 11 U.S.C.: All chapter and section references are to the Bankruptcy code, and all Rule references are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

Saylors' debt. Saylors defaulted, and the trial court directed Quarré to submit evidence of a *prima facie* case in support of default judgment. Quarré submitted a memorandum of points and authorities and supporting evidence, consisting of a declaration of counsel attaching redacted copies of discovery material and an evidentiary stipulation with the Lyons in the Fraudulent Transfer Action, and a declaration of Mr. Lyons in opposition to Quarré's motion for summary judgment in that action.

The trial court ruled that neither § 523(a)(2)(A) nor § 523(a)(6) provided the basis for an award of default judgment, found Quarré had no interest in the transferred property and therefore lacked standing, and dismissed the complaint. Quarré timely appealed.

■ Saylors did not file a brief, despite notice by conditional order that by failing to do so, they would thereby waive argument.[3] We need not, nevertheless, grant Quarré the relief he seeks. *In re Cossio,* 163 B.R. 150, 154 (9th Cir. BAP 1994).

## ISSUES

On review, the issues are whether the trial court:

1. abused its discretion in denying entry of the default judgment; and

2. properly dismissed the complaint.

## STANDARDS OF REVIEW

■ 1. Denial of a default judgment is reviewed for the abuse of discretion. *In re Villegas,* 132 B.R. 742, 746 (9th Cir. BAP 1991); *In re Kubick,* 171 B.R. 658, 659 (9th Cir. BAP 1994).

■ 2. Dismissal for failure to state a claim upon which relief may be granted is a ruling on a question of law and is reviewed *de novo. Oscar v. University Students Cooperative Ass'n,* 965 F.2d 783, 785 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992); *In re*

*Englander,* 92 B.R. 425, 427 (9th Cir. BAP 1988); *In re Robnett,* 165 B.R. 272, 274 (9th Cir. BAP 1994).

## DISCUSSION

1. *Denial of entry of default judgment.*

Quarré contends the trial court erred in denying entry of a default judgment under § 523(a)(6).[4] That section makes debts for "willful and malicious injury by the debtor to another entity or to the property of another entity" nondischargeable.

■ The trial court correctly construed "willful" as meaning deliberate or intentional, and "malicious" as signifying an act necessarily producing harm done without just cause or excuse. *In re Cecchini,* 780 F.2d 1440, 1443 (9th Cir.1986); *In re Littleton,* 942 F.2d 551, 554 (9th Cir.1991). Relying on Roberta Saylor's deposition testimony that the Saylors transferred their property to the Lyons to prevent Quarré from executing on his judgment in the First Action, and that they intended that result, the bankruptcy court held these elements had been established.

a. *Debt:* However, construing the relevant debt to be that embodied in the underlying judgment, the trial court held that it did not arise from the willful and malicious action of the Saylors in transferring the property, but from their preceding breach of a lease. The judge went on to hold that Quarré, lacking an interest in the transferred property, had no standing to assert the transfer cause of action.

Quarré neither identified nor argued the applicable standard for review of the denial of a default judgment (abuse of discretion), nor has he met that standard. As this panel noted in *Villegas* at 746:

Entry of default does not entitle the nondefaulting party to a default judgment as a matter of right. *See Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir.1990); *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir.1984) *cert. denied,* 469 U.S. 874, 105 S.Ct. 232, 83

---

3. Rule 5(g), Rules of the Bankruptcy Appellate Panel of the Ninth Circuit.

4. Quarré does not assert the trial court erred in denying nondischargeability under § 523(a)(2), (fraud/false pretenses) the other basis alleged in his complaint.

L.Ed.2d 161 (1984); *Maggette v. Dalsheim,* 709 F.2d 800, 802 (2d Cir.1983).

The factors to be considered for entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986) (citation omitted).

■ Here, the evidence Quarré submitted in support of his request for a default judgment would support a fraudulent transfer judgment under the California Uniform Fraudulent Transfer Act (Cal.Civ.Code §§ 3439.01–3439.12) [5] or § 548. Quarré's implicit premise, made explicit in his brief in his appeal, is that the debtors' fraudulent transfer gave rise to a debt nondischargeable under § 523(a)(6).[6] That proposition is questionable.

■ Nondischargeability must be considered within the context of the scope of a discharge. Section 727(b) provides that a discharge: "discharges the debtor from all *debts* that arose before the date of the order for relief ..., and any liability on a *claim* that is determined under § 502 ..." (emphasis added). Section 101(5) defines "claim" to mean a "(A) right to payment ...; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, ...", and § 101(12) defines "debt" to mean "liability on a claim". Nondischargeability is meaningful only in connection with obligations which are or may be monetary.

■ The flaw in Quarré's approach is that, generally and under California law, a creditor's remedies for fraudulent transfer are avoidance of the transfer to the extent necessary to satisfy the creditor's claim, attachment of the asset transferred, and equitable (injunction against further transfer of the asset transferred, or appointment of a receiver). Where, as here, the creditor has a judgment against the transferor, he may also execute against the asset transferred or its proceeds.[7] How these remedies raise a right

5. Quarré's second and third causes of action in the Fraudulent Transfer Action were under this act. The first cause of action alleged was against debtor's transferor co-defendants under the California Code of Civil Procedure § 708.210, seeking to have the transferor's interest in the transferred property applied to the satisfaction of his money judgment against debtors in the first action.

6. Responding to a question at oral argument, Quarré's counsel confirmed he did not rely on another possible theory: that the transfer transmuted the otherwise dischargeable debt, his judgment in the First Action, into a nondischargeable debt. In any event, we have found no authority for such a proposition.

7. Cal.Civ.Code § 3439.07 (West 1994), Remedies of Creditors, provides:
(a) In an action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations in § 3439.08, may obtain:
(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.
(2) An attachment or other provisional remedy against the asset transferred or its proceeds in accordance with the procedures de-

scribed in Title 6.5 (commencing with § 481.010) of Part 2 of the Code of Civil Procedure.
(3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure, the following:
(A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or its proceeds.
(B) Appointment of a receiver to take charge of the asset transferred or its proceeds.
(C) Any other relief the circumstances may require.
(b) If a creditor has commenced an action on a claim against the debtor, the creditor may attach the asset transferred or its proceeds if the remedy of attachment is available in the action under applicable law and the property is subject to attachment in the hands of the transferee under applicable law.
(c) If a creditor has obtained a judgment on a claim against the debtor, the creditor may levy execution on the asset transferred or its proceeds.
(d) A creditor who is an assignee of a general assignment for the benefit of creditors, as defined in § 493.010 of the Code of Civil Procedure, may exercise any and all of the rights and remedies specified in this section if they are available to any one or more creditors of

to payment *from the transferors,* here the debtors, is not clear. Appellant, having not addressed the question, has not cited any authority, nor have we found any.

Quarré argues, in essence, that he was injured by the fraudulent transfer, and that the injury creates a nondischargeable debt owed by the transferor. Quarré relies on two principal cases in this portion of his argument, found at pp. 6–9 of his brief. He extensively quotes *Matter of Grimm,* 82 B.R. 989 (Bkrtcy.W.D.Wis.1988) in discussing the Bankruptcy Code's broad definitions of claim and debt (then § 101(4) and (11), now 101(5) and (12)). Ultimately, however, Judge Martin there dismissed the nondischargeability action as against the non-tortfeasor spouse, precisely because she had no personal liability, even though her marital property would not be protected by the discharge injunction if the debt were found nondischargeable as against her husband.

 Next, Quarré relies on *In re Modicue,* 926 F.2d 452, a 1991 Fifth Circuit *per curiam* decision upholding the bankruptcy court's determination that the debtor's wrongful sale or conversion of a secured creditor's collateral was non-dischargeable under § 523(a)(6), and that the measure of damages was the fair value of the property at the time it was converted. Implicit in Quarré's reliance on *Modicue* is the premise that fraudulent transfer is a conversion, or at least a tort, under California law. He did not establish that premise in the trial court, nor has he here. The elements of conversion

under California law are: (1) plaintiff's ownership or right to possession of property at the time of the conversion, (2) defendant's wrongful act or disposition of plaintiff's property right, and (3) plaintiff's consequent damage. *Hartford Financial Corp. v. Burns,* 96 Cal.App.3d 591, 158 Cal.Rptr. 169 (1979). Quarré did not own and was not entitled to possession of the transferred property, nor did he even have a judgment lien, at the time of the transfer: he could not show conversion.

Quarré has not shown an injury to himself.

 b. *Property:* Quarré would have the Panel read "injury to property" broadly to bring his claim within the second predicate for § 523(a)(6) nondischargeability. He argues his state fraudulent transfer rights are property rights.[8] While this theory has some surface appeal, it was never presented to the court below, and runs counter to the principle that exceptions to dischargeability be construed narrowly. *In re Rahm,* 641 F.2d 755 (9th Cir.), *cert. denied,* 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981); *In re Riso,* 978 F.2d 1151, 1154 (9th Cir.1992). Notably, the Court of Appeals for the Ninth Circuit in *Riso* held a right of first refusal was not "property" for the purposes of § 523(a)(6). It is not clear why fraudulent transfer remedies should be.

In short, Quarré did not show the existence of any debt which could be discharged or nondischargeable, nor injury to his property.[9] Quarré did not establish the substan-

---

the assignor who are beneficiaries of the assignment, and, in that event (1) only to the extent the rights or remedies are so available and (2) only for the benefit of those creditors whose rights are asserted by the assignee.
See also: Uniform Fraudulent Transfer Act, § 7, 7A U.L.A. 660 (1985). Likewise, a bankruptcy trustee's remedies, on avoiding a transfer under § 548, are against transferees. Section 550.

8. Relying on Julie Sirota Karchin, Note, *Fraudulent Conveyance Law as a Property Right,* 9 Cardozo Law Review 843 (1987).

9. At oral argument, counsel asserted the possibility of recovery on a conspiracy theory against debtors. There is California authority that a complaint for civil conspiracy may lie against a judgment debtor who fraudulently transfers assets. *Taylor v. S & M Lamp Co.,* 190 Cal.App.2d 700, 12 Cal.Rptr. 323 (1961). *See also Profeta v.*

*Lombardo,* 75 Ohio App.3d 621, 600 N.E.2d 360 (1991), upholding a money judgment jointly and severally against both transferor and transferee under the Ohio version of the Uniform Fraudulent Transfer Act. Even if *Taylor v. S & M Lamp* applies by analogy, and a California court would award money damages on a conspiracy theory against debtors who have fraudulently transferred their assets, Quarré's complaint only once mentions conspiracy, and then only tangentially (in paragraph 9 of 21 paragraphs). Conspiracy is not alleged in the complaint in the Fraudulent Transfer Action, which is attached to the Quarré's nondischargeability complaint. Nor is conspiracy mentioned in Quarré's Statement of the Case and Declaration ... in Support of Default, or in Plaintiff's Evidence in Support of Default Judgment, Declaration ..., or in Plaintiff's Memorandum ... and Evidence of Prima Facie Case in Support of Default Judgment. In

tive merits of his claim, the second factor *Eitel v. McCool* required Judge Mund to consider. He has shown no abuse of discretion.

## 2. *Dismissal.*

Although the standing determination is stated within the trial court's discussion of § 523(a)(6), it appears to relate to dismissal. The dismissal was either for failure to state a claim upon which relief can be granted or for want of standing, which is a subspecies of dismissal for failure to state a claim, under Rule 12(b)(6), Fed.R.Civ.P. (incorporated by Rule 7012(b)). *Rent Stabilization Ass'n v. Dinkins,* 5 F.3d 591, 594 n. 2 (2nd Cir.1993).

■ Quarré argues that the trial court erred in holding he lacked any interest in the property transferred, and therefore had no standing. The bankruptcy judge's brief order does not set out her reasoning in so concluding: if it was that no order had been entered in the underlying chapter 7 proceeding abandoning the fraudulent transfer cause of action, the ruling is correct. By operation of § 541(a)(1), debtors' equitable interest in the transferred property came into the estate. *Carlton v. Baww, Inc.,* 751 F.2d 781, 785 (5th Cir.1985). Although Exhibit 4 to Quarré's statement of the case consists of the trustee's confirmation in response to a letter from Quarré's client "that [the] bankruptcy estate ... does not include the property transferred by Vergil Saylor and Roberta Saylor to William Lyon and Francis Lyon ... and that said bankruptcy estate has no objection to the Quarré Marital Trust proceeding ..." in the Fraudulent Transfer Action against the Lyons, nothing in the record on this appeal indicates whether an abandonment order was sought or entered. Without such an order, Quarré had no standing to prosecute a fraudulent transfer action. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 709–10 (9th Cir.1986).

■ It is not otherwise clear why Quarré's lack of an interest in the property would negate his standing to bring the action. If a fraudulent transferor's liability could be nondischargeable, it necessarily follows that a plaintiff asserting such liability and nondischargeability has standing to do so. This raises the possibility that Judge Mund's standing determination reflects her implicit conclusion that no such liability is possible under the California Fraudulent Transfer law, as outlined above.

■ Considered as a dismissal for failure to state a claim, the order must be upheld unless Quarré would be entitled to judgment if he proved the allegations of his complaint. While appellant makes that assumption in his brief, he has not shown it to be so. Rather, he argues that, since the California Uniform Fraudulent Transfer Act gives him substantial remedies against the property, he has an interest in that property. Even if that were so, it does not follow that Quarré has a right to payment from the Saylors resulting from their transfer, or a property interest damaged by the transfer. Absent either a right to payment or a damaged property interest, there is no debt which could be nondischargeable, and the complaint does not state a claim for relief. The dismissal was proper under Rule 12(b)(6), Fed.R.Civ.P., incorporated by Rule 7012(b).

## CONCLUSION

We AFFIRM:

Respecting denial of entry of a default judgment, no abuse of discretion has been shown.

Respecting dismissal of the complaint, debtor-transferors are not monetarily liable under the relevant California law, and Quarré had no interest in the fraudulently-

all of these pleadings, as in his brief to this Panel, Quarré focused on fraudulent transfer, and did not cite *Taylor, Profeta,* or any other authority for this theory.

Quarré's evidence in support of his motion for default judgment not only does not establish a conspiracy, it may even negate one. The Decla-

ration of William S. Lyon (transferee and co-defendant in the Fraudulent Transfer Action), submitted as Exhibit 5 to Quarré's Evidence in Support ... emphatically denies any conspiracy, or even knowledge of plaintiff's existence or of the First Action, and asserts an arm's length transaction with debtors.

transferred property at the time of the transfer.