FILED

NOT FOR PUBLICATION

NOV 07 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. CC-11-1490-HTaMk |
| ) | |
| YONG LI, ) | Bk. No.  11-15237-TD |
| ) | |
| Debtor. ) | Adv. No. 11-02107-TD |
| _____ ) | |
| ) | |
| JOHN ZHONG, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| YONG LI, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument
on September 21, 2012

Filed - November 7, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Thomas B. Donovan, Bankruptcy Judge, Presiding

_____

Appearances: Appellant John Zhong pro se on brief.

_____

Before: HOLLOWELL, TAYLOR[2] and MARKELL, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] Hon. Laura S. Taylor, United States Bankruptcy Judge for the Southern District of California, sitting by designation.

Creditor John Zhong (Zhong) filed a nondischargeability complaint against the debtor. The bankruptcy court denied Zhong's motion for entry of default judgment and simultaneously dismissed the complaint. Zhong appealed. For the reasons set forth below, we AFFIRM.

## I. FACTS

In March 2010, Yong Li (the Debtor) rented a three bedroom condominium from Zhong for $1,300 per month. The Debtor subsequently failed to make his December 2010 and January 2011 rental payments. In January 2011, Zhong initiated eviction proceedings against the Debtor in state court.

On February 7, 2011, the Debtor filed a voluntary chapter 7[3] bankruptcy petition. In his bankruptcy schedules, the Debtor listed Zhong as an unsecured creditor holding a claim in an "unknown" amount.

On February 11, 2011, Zhong filed a motion for relief from the automatic stay in order to continue with the unlawful detainer action that he had commenced prepetition in state court. The bankruptcy court granted the motion for relief from stay on March 14, 2011.

On April 25, 2011, Zhong filed a complaint (Complaint) to determine the dischargeability of a debt under § 523. Zhong

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to "Rules" are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, while references to the "Civil Rules" are to the Federal Rules of Civil Procedure.

-2-

asserted claims for relief under § 523(a)(2)(A) and (B).[4] He alleged that the Debtor rented the condo, but failed to pay rent beginning in December 2010, even though the Debtor had subleased rooms to others and had generated sufficient money to pay the rent. Zhong also asserted that the Debtor failed to sufficiently identify his income from the sublets on his bankruptcy schedules. Finally, Zhong alleged that the Debtor's income, as reflected by a paycheck stub, was different than what was listed on his bankruptcy schedules. Therefore, Zhong contended that the Debtor intended "to deceive and hide his income." As a result, Zhong alleged he incurred $6,283 in damages from unpaid rent and loss of rental income, which he argued should be excepted from discharge.

Zhong served the Complaint on the Debtor. Although the Debtor received notice of the Complaint, he did not respond. On June 17, 2011, Zhong filed a request for the bankruptcy court clerk to enter a default under Local Bankruptcy Rule (LBR) 7055-1(a). The bankruptcy court clerk's office issued a notice of default on July 1, 2011. On August 8, 2011, Zhong filed a motion for default judgment (Default Judgment Motion) and set forth the amount of his damages as $8,828, which comprised unpaid rent, holdover damages, attorneys' and court filing fees. Zhong noticed the Default Judgment Motion to the Debtor, however,

---

[4] The Complaint actually states claims for relief under "§ 523(C)(2)(a) Intent to deceive and Hide income" and "§ 523(C)(2)(b) use of a statement that is materially false." However, the text of the statute Zhong quotes as legal support for his claims is from § 523(a)(2)(A) and (B).

-3-

the Debtor did not respond.

On August 31, 2011, the bankruptcy court denied the Default Judgment Motion and dismissed the Complaint with prejudice on the basis that the "Complaint fails to state a valid cause of action under § 523. Fraud claims are vague and lack specificity required." Zhong filed a timely appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.[5]

## III. ISSUE

Whether the bankruptcy court abused its discretion in denying the Default Judgment Motion.

## IV. STANDARDS OF REVIEW

We review the bankruptcy court's decision of whether or not to enter a default judgment for an abuse of discretion. In re McGee, 359 B.R. at 769; Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d

---

[5] A denial of a motion for default judgment is generally an interlocutory order, outside of our jurisdiction. See Cashco Fin. Servs., Inc. v. McGee (In re McGee), 359 B.R. 764, 770 (9th Cir. BAP 2006). The simultaneous order dismissing the Complaint, however, was a final order, and the denial of the Default Judgment Motion merged into the dismissal order. Thus, we have jurisdiction over both issues.

-4-

1247, 1261-62 & n.21 (9th Cir. 2009) (en banc); <u>Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)</u>, 455 B.R. 904, 914 (9th Cir. BAP 2011). We review a bankruptcy court's conclusions of law de novo. <u>Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh)</u>, 973 F.2d 1454, 1456 (9th Cir. 1992).

**V.  DISCUSSION**

Civil Rule 55(b), applicable in adversary proceedings under Rule 7055, and LBR 7055-1 establish a two-step process to obtain a default judgment in a nondischargeability proceeding: "(1) entry of the party's default (normally by the clerk), and (2) entry of a default judgment." <u>In re McGee</u>, 359 B.R. at 770. The two-step process "is designed to assure that the plaintiff is entitled to the relief requested." <u>All Points Capital Corp. v. Meyer (In re Meyer)</u>, 373 B.R. 84, 88-89 (9th Cir. BAP 2007).

Entry of a default does not entitle the nondefaulting party to a default judgment as a matter of right. <u>In re McGee</u>, 359 B.R. at 771; <u>Doe v. Qi</u>, 349 F. Supp. 2d 1258, 1271 (N.D. Cal. 2004); <u>Quarre v. Saylor (In re Saylor)</u>, 178 B.R. 209, 212-13 (9th Cir. BAP 1995). Thus, the Ninth Circuit has set out seven factors to be considered in reviewing a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of plaintiff's substantive claim,
> (3) the sufficiency of the complaint, (4) the sum of
> money at stake in the action, (5) the possibility of a
> dispute concerning material facts, (6) whether the
> default was due to excusable neglect, and (7) the
> strong policy underlying the Federal Rules of Civil
> Procedure favoring decisions on the merits.

-5-

Senior's Choice v. Mattingly, 2012 WL 3151276, *2 (C.D. Cal. July 31, 2012) citing Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The second and third factors are relevant and dispositive to this appeal. The merits and sufficiency of the complaint must be considered because the factual allegations of a complaint, except for those concerning damages, are deemed to have been admitted by the defaulting party. Id. However, "a defendant is not held to admit facts that are not well-pleaded" and therefore, liability is not established simply by virtue of the defendant's default. United States v. Cathcart, 2010 WL 1048829, *4 (N.D. Cal. Feb. 12, 2010).

Accordingly, "before granting a default judgment, the court must first ascertain whether the unchallenged facts constitute a legitimate cause of action." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)(internal citation omitted). A court may refuse to enter a default judgment if it determines that no justifiable claim has been alleged. Doe, 349 F. Supp. 2d at 1271 (citing Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986)); Kubick v. Fed. Deposit Ins. Corp. (In re Kubick), 171 B.R. 658, 662 (9th Cir. BAP 1994)(court has independent duty to determine the sufficiency of a claim). Because nondischargeability proceedings implicate a debtor's fresh start, it is especially important that bankruptcy courts ensure that plaintiffs prove their prima facie case before entry of a default judgment. Lu v. Liu (In re Liu), 282 B.R. 904, 908 (Bankr. C.D. Cal. 2002).

Zhong sought an exception to discharge under § 523(a)(2)(A) and (B).  Pursuant to § 523(a)(2)(A), a plaintiff must show that he is owed a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – false pretenses, a false representation, or actual fraud."  11 U.S.C. § 523(a)(2)(A).  To prevail on a claim under § 523(a)(2)(A), a creditor must demonstrate five elements: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of the statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. Ghomeshi v. Sabban (In re Sabban), 600 F.3d 1219, 1222 (9th Cir. 2010).

The elements necessary to state a claim for relief under § 523(a)(2)(B) are the same as those necessary to establish a claim under § 523(a)(2)(A), except that the false statement or statements must be in writing and must relate to the debtor's financial condition.  11 U.S.C. § 523(a)(2)(B); In re Kirsh, 973 F.2d at 1457.  The creditor bears the burden of proof to establish all five elements by a preponderance of the evidence. In re Sabban, 600 F.3d at 1222.

The bankruptcy court determined that Zhong did not plead facts sufficient to state a claim for relief under § 523(a)(2)(A) or (B).  We agree.  There are no facts pled in the Complaint that demonstrate Zhong's reliance on a fraudulent statement (either oral or written) made by the Debtor prior to renting the condo.

-7-

As a result, Zhong could not have relied on a fraudulent statement to his detriment. Indeed, Zhong's allegations are that the Debtor hid income by failing to report on his bankruptcy schedules the money he made by subletting rooms in the condo to other people. Zhong alleges that the Debtor's fraudulent conduct was that the Debtor "aim[ed] to holdover [Zhong's] property to make money and take advantage of the scheme of rental and subleasing." These allegations and facts, taken as true, do not meet the required elements of a claim for relief under either § 523(a)(2)(A) or (B).

Consequently, Zhong did not establish the substantive merits of his claim. Under these circumstances, we conclude that the bankruptcy court did not abuse its discretion in denying the Default Judgment Motion.

After denying the Default Judgment Motion, the bankruptcy court took the additional step of dismissing the Complaint, sua sponte, without leave to amend. We need not express an opinion regarding the propriety of the sua sponte dismissal, however, because Zhong's brief on appeal challenges only the bankruptcy court's refusal to enter the default judgment; he has not articulated an argument that the bankruptcy court erred, procedurally or otherwise, in dismissing the Complaint. See In re McGee, 359 B.R at 770. In re Saylor, 178 B.R. at 215.

### VI. CONCLUSION

For the reasons given above, we AFFIRM.