FILED

MAY 28 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | ) BAP No.   CC-13-1552-LaPaKi |
| | ) |
| LILIANA MONICA CRACIUN, | ) Bk. No.   11-57572-BB |
| | ) |
| Debtor. | ) Adv. No.  12-01158-BB |
| _____ | ) |
| LBS FINANCIAL CU, | ) |
| A CALIFORNIA CORPORATION, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| LILIANA MONICA CRACIUN, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on May 15, 2014
at Pasadena, California

Filed - May 28, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Bankruptcy Judge, Presiding

Appearances:   Karel Rocha, Esq. of Prenovost, Normandin, Bergh & Dawe, APC argued for appellant LBS Financial CU; Andre A. Khansari, Esq. of Khansari Law Corp, APC argued for appellee Liliana Monica Craciun.

Before: LATHAM,[2] PAPPAS, and KIRSCHER, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] Hon. Christopher B. Latham, U.S. Bankruptcy Judge for the Southern District of California, sitting by designation.

1

**INTRODUCTION**

LBS Financial Credit Union ("LBS") filed an adversary proceeding to determine the nondischargeability of its claim against debtor Liliana Monica Craciun ("Debtor") under §§ 523(a)(2)(A) and (a)(6).[3]  The bankruptcy court struck Debtor's answer and entered her default for failure to appear at a pretrial status conference.  LBS then filed a default judgment motion, which the bankruptcy court denied.

The bankruptcy court eventually issued an order to show cause why LBS's adversary proceeding "should not be dismissed for failure to prosecute based on [LBS's] failure to come forward with sufficient evidence to support default judgment."  LBS later filed a second motion for default judgment.  The bankruptcy court again found it insufficient, denied the motion, and dismissed the adversary proceeding on its order to show cause.  On November 4, 2013, the court entered an order to that effect, which LBS now appeals.

We AFFIRM the bankruptcy court.

**FACTS**

In November 2009, Debtor applied for a loan with LBS to purchase a 2005 BMW 645.  LBS approved the loan.  Debtor executed a note and security agreement creating a lien on the vehicle in LBS's favor.  Debtor later defaulted on the note.  After she

---

[3] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

2

filed her bankruptcy case, LBS commenced an adversary proceeding to determine the nondischargeability of its claim under §§ 523(a)(2)(A) and (a)(6).[4]

The complaint alleged that: "Plaintiff [sic] falsely represented that the VEHICLE was being purchased for her own personal use." It also asserted that Debtor "defaulted on [the note] and thereafter, through actual fraud, and with willful and malicious intent to harm LBS and its personal property, absconded with the VEHICLE and/or otherwise disposed of it to the detriment of LBS by giving the VEHICLE to a third party without LBS knowledge or consent." On March 9, 2012, Debtor answered the complaint.

In July, the bankruptcy court held a pretrial status conference at which Debtor failed to appear. The court promptly issued an order to show cause why Debtor's answer should not be stricken and default judgment entered for this failure. Two months later, the court held a hearing and directed LBS to: (1) submit an order striking Debtor's answer; and (2) file and serve a default judgment motion by October 15, 2012.

On November 20, the court entered the order striking Debtor's answer and entering default. The following month, LBS moved for default judgment. Debtor opposed the motion, and LBS replied. After two hearings and several supplemental declarations filed at the court's direction, the bankruptcy court

[4] Because the record on appeal is incomplete, we exercise our discretion to take judicial notice of documents electronically filed in the underlying adversary proceeding. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

3

denied the motion. It then set another status conference for June 2013, later continued by stipulation to July 2013.

Shortly after that status conference, the bankruptcy court issued an order to show cause ("OSC") why the adversary proceeding "should not be dismissed for failure to prosecute based on [LBS's] failure to come forward with sufficient evidence to support default judgment." Apparently in response, LBS filed a second motion for default judgment. Debtor opposed it.

On October 22, the court held: (1) a continued status conference; (2) a continued hearing on the OSC; and (3) a hearing on LBS's second motion for default judgment. At this hearing, the bankruptcy court extensively questioned LBS about the sufficiency of its complaint's allegations. It repeatedly asked LBS where in the loan application Debtor made the affirmative misrepresentation that she was purchasing the car for her personal use. Yet LBS could not show any such representation.

LBS explained that Debtor's loan application was a standard online form. It then attempted to argue that Debtor fraudulently omitted to disclose that she was not purchasing the car for her personal use. It asserted that a vehicle user's identity is important because, in case of default, the lender must know from whom to repossess the vehicle. It then argued that Debtor should have disclosed the vehicle user's identity in the "co-borrower" fields of its online form.

The bankruptcy court found LBS's arguments unpersuasive, and denied its second motion for default judgment. It then dismissed the adversary proceeding under its OSC, and took the status conference off calendar. On November 4, 2013, the bankruptcy

4

court entered an order on these rulings. The order did not state whether the court dismissed the adversary proceeding with or without prejudice. LBS timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). An order denying default judgment is generally interlocutory, and so outside appellate jurisdiction. See Cashco Servs., Inc. v. McGee (In re McGee), 359 B.R. 764, 770 (9th Cir. BAP 2006). But "[o]n appeal of a final judgment, 'the interlocutory order merges in the final judgment and may be challenged in an appeal from that judgment.'" United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA, 545 F.3d 1134, 1141 (9th Cir. 2008) (quoting Baldwin v. Redwood City, 540 F.2d 1360, 1364 (9th Cir. 1976)).

This rule does not apply where the final judgment dismisses the action without prejudice for failure to prosecute. Ash v. Cvetkov, 739 F.2d 493, 497-98 (9th Cir. 1984). However, where a dismissal for failure to prosecute does not specify whether it is with or without prejudice, courts interpret the dismissal as one with prejudice. Korea Exch. Bank v. Hanil Bank, Ltd. (In re Jee), 799 F.2d 532, 534 n.2 (9th Cir. 1986). Here, the bankruptcy court did not state whether it was dismissing with or without prejudice. We therefore interpret the dismissal as one with prejudice, and conclude that jurisdiction is proper under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err in denying LBS's motion for default judgment on its complaint seeking nondischargeability under §§ 523(a)(2) and (6)?

**STANDARD OF REVIEW**

We review the denial of a motion for default judgment for abuse of discretion. <u>DIRECTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 852 (9th Cir. 2007). Additionally, we may affirm on any ground supported by the record. <u>Crowley v. Bannister</u>, 734 F.3d 967, 976 (9th Cir. 2013) (citing <u>O'Guinn v. Lovelock Corr. Ctr.</u>, 502 F.3d 1056, 1059 (9th Cir. 2007)).

**DISCUSSION**

Default judgments are governed by Federal Rule of Civil Procedure 55, which is made applicable to bankruptcy proceedings by Rule 7055. To obtain a default judgment of nondischargeability of a loan debt, a two-step process is required: (1) entry of the party's default (normally by the clerk), and (2) entry of a default judgment. Fed R. Civ. P. 55(a) and (b); <u>Brooks v. United States</u>, 29 F.Supp.2d 613, 618 (N.D. Cal. 1998), aff'd mem., 162 F.3d 1167 (9th Cir. 1998). <u>See generally</u> 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. & PROC. CIV. 3D § 2682 (Thomson/West 2006).

<u>In re McGee</u>, 359 B.R. at 770. The issue presented in this appeal concerns step two: whether the bankruptcy court properly denied entry of default judgment.

**A.    The bankruptcy court had broad authority to review the motion for default judgment and allow opposition.**

As a threshold matter, LBS argues that once the court entered Debtor's default, it could not: (1) allow Debtor to

6

oppose its motion for default judgment; or (2) review the default judgment motion for anything other than a determination of damages.  These arguments are unpersuasive.

### 1. The bankruptcy court did not err in allowing Debtor to oppose LBS's default judgment motion.

LBS's assertion that the court cannot allow a defendant in default to file an opposition is without merit.  To support its argument, LBS relies on Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927).  At least one court has noted, however, that this "Fourth Circuit decision from 1927 . . . stands for nothing more than the uncontroversial proposition that a defendant may not file an answer, that is, a pleading, after entry of default - an issue which is wholly distinct from presenting [an opposition to default judgment]."  J & J Sports Prods., Inc. v. Vazquez, 2012 WL 3025916, at *3 (N.D. Cal. July 24, 2012).

Further, Civil Rule 55(b)(2) provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application [for default judgment] at least 7 days before the hearing."  "The purpose of the notice requirement in [Civil] Rule 55(b)(2) is to permit a party to show cause for its failure to timely appear."  Sea-Land Serv., Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998).  Indeed, Civil Rule 55(b)(2)'s notice requirement would be pointless if the defaulting defendant could not file papers or be heard in opposition.

Finally, LBS's position stands in tension with the remainder of Civil Rule 55(b)(2), which provides that "[t]he court may

7

conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Civil Rule 55 does not limit who may appear or present argument for these hearings. See J & J Sports Prods., 2012 WL 3025916, at *3. Accordingly, the bankruptcy court did not err in allowing Debtor's opposition to LBS's motion for default judgment.[5]

**2.    The bankruptcy court did not err in reviewing the default judgment motion for something other than a determination of damages.**

LBS's assertion that the bankruptcy court could not review the default judgment motion for anything other than a determination of damages likewise fails. "Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." Valley Oak Credit Union v. Villegas (In re Villegas), 132 B.R. 742, 746 (9th Cir. BAP 1991) (citing Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990)). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). But,

> facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment. Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200 (5th Cir. 1975).

---

[5] We also note that there is no indication that the bankruptcy court relied on Debtor's opposition. Nor did LBS move to strike it.

8

*Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388 (9th Cir. 1988).

"[Civil] Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). And again, Civil Rule 55(b)(2) allows the court to conduct hearings on default judgment motions for a variety of reasons. "This provides the trial court with discretion to require, at a hearing under [Civil] Rule 55(b)(2), some proof of the facts that are necessary to a valid cause of action or to determine liability." *In re Villegas*, 132 B.R. at 746 (citing *Peerless Indus., Inc. v. Herrin Ill. Cafe, Inc.*, 593 F. Supp. 1339, 1341 (E.D. Mo. 1984), *aff'd without opinion* 774 F.2d 1172 (8th Cir. 1985)).

In reviewing a motion for default judgment, the court may consider the following factors:

    (1)   the possibility of prejudice to the plaintiff;

    (2)   the merits of plaintiff's substantive claim;

    (3)   the sufficiency of the complaint;

    (4)   the sum of money at stake in the action;

    (5)   the possibility of a dispute concerning material facts;

    (6)   whether the default was due to excusable neglect; and

    (7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Given the complaint's vague assertion that Debtor made a fraudulent

9

misrepresentation, the court was well within its discretion to require a hearing to establish the truth of LBS's allegations by evidence. From the hearing's transcript, it is apparent that the bankruptcy court properly reviewed the default judgment motion and based its denial on the second and third <u>Eitel</u> factors.

**B.  The bankruptcy court did not err in denying default judgment on LBS's § 523(a)(2)(A) claim.**

LBS's complaint relied on, in part, § 523(a)(2)(A), which provides that debts are nondischargeable if debtors obtain them by: "false pretenses, a false representation, or actual fraud . . . ." Section 523(a)(2)(A) refers to the general common law of torts, which the Restatement (Second) of Torts describes. <u>Field v. Mans</u>, 516 U.S. 59, 70 (1995); <u>Citibank (S.D.), N.A. v. Eashai (In re Eashai)</u>, 87 F.3d 1082, 1087 (9th Cir. 1996). For the following reasons, the bankruptcy court did not err in denying default judgment of LBS's § 523(a)(2)(A) claim.

**1.  LBS's § 523(a)(2)(A) allegations are insufficient under Civil Rule 9(b).**

Rule 9(b) of the Federal Rules of Civil Procedure, applicable in bankruptcy cases as Rule 7009, mandates that, "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." The court may disregard any fraud allegations that do not satisfy Civil Rule 9(b)'s particularity requirement. <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 558 (9th Cir. 2010). "To meet this standard, [LBS's] complaint must 'identify the who, what, when, where, and how of the misconduct charged . . . .'" <u>Salameh v. Tarsadia Hotel</u>, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting <u>Cafasso, U.S.</u>

_ex rel. v. Gen. Dynamics C4 Sys., Inc._, 637 F.3d 1047, 1055 (9th Cir. 2011)).

LBS's complaint states, "Plaintiff [sic] falsely represented that the VEHICLE was being purchased for her own personal use." It also asserts that Debtor defaulted on her obligation to LBS "and thereafter, through actual fraud . . . absconded with the VEHICLE and/or otherwise disposed of it to the detriment of LBS by giving the VEHICLE to a third party without LBS knowledge or consent." These allegations of fraud are bare and conclusory. They fail to state when, where or how Debtor: (1) fraudulently misrepresented that she was the car's user; or (2) fraudulently disposed of or "absconded" with a car that she held title to.

The bankruptcy court gave LBS the opportunity to substantiate its fraud allegations through the default judgment hearings, but it failed to do so. At the hearing, the court questioned LBS extensively about the fraudulent misrepresentation.[6] But LBS could not show that Debtor made any affirmative representation – false or otherwise – about the car's intended user. Instead, LBS tried another tack: it argued that Debtor's failure to disclose that she was not purchasing the vehicle for her own personal use was a fraudulent omission for

_____

[6] At the hearing, neither the court nor LBS addressed how giving a third party possession of the vehicle constituted actual fraud. LBS's briefs likewise fail to address this. We therefore decline to consider the question. _Padgett v. Wright_, 587 F.3d 983, 985 n.2 (9th Cir. 2009) ("This court 'will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.'" (quoting _Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc._, 752 F.2d 1401, 1404 (9th Cir. 1985))).

11

purposes of § 523(a)(2)(A).  That argument is likewise unavailing.

**2.    LBS's § 523(a)(2)(A) allegations fail to state a claim for relief based on fraudulent omission.**

Under the Restatement, "[a] debtor's failure to disclose material facts constitutes a fraudulent omission . . . if the debtor was under a duty to disclose and the debtor's omission was motivated by an intent to deceive." Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1246 n.4 (9th Cir. 2001) (citing In re Eashai, 87 F.3d at 1890-90).

> [A] party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated . . . (e) facts basic to the transaction, if he knows that the other is about to enter into it under a mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts.

RESTATEMENT (SECOND) OF TORTS § 551 (2014).  Further,

> A basic fact is a fact that is assumed by the parties as a basis for the transaction itself.  It is a fact that goes to the basis, or essence, of the transaction, and is an important part of the substance of what is bargained for or dealt with.  Other facts may serve as important and persuasive inducements to enter into the transaction, but not go to its essence.  These facts may be material, but they are not basic.  If the parties expressly or impliedly place the risk as to the existence of a fact on one party or if the law places it there by custom or otherwise the other party has no duty of disclosure.

Id. at cmt. j.

At the hearing, LBS argued that the vehicle user's identity is important to the transaction because, in the event of default, repossessing the vehicle will be more difficult if an unknown party has possession.  Taking this statement as true, LBS implies

12

that the vehicle user's identity was a fact basic to its transaction with Debtor. LBS did not, however, raise this argument in its opening brief. Even if it had, the argument is without merit. LBS's transaction contemplated the exchange of: (1) funds to purchase a car; and (2) an interest-bearing note secured by a lien on that car. The identity of the car's user is, at best, material to the transaction; it is not basic. To hold otherwise would make a fraudster out of every person who borrows money to purchase a vehicle without disclosing that it is intended for a family member's use.

In addition, LBS admitted that the loan application it provided to Debtor was a standard form used widely throughout the auto loan industry. The form could have requested the vehicle user's identity, but it did not. LBS's argument that Debtor should have disclosed the user's identity anyway – in the form's "co-borrower" fields – is not convincing. LBS fails to explain how, once it receives the form, it would know the difference between a co-borrower and a vehicle user. The two are not synonymous. A vehicle user drives a vehicle; a co-borrower is liable for the debt. Yet, following LBS's argument, loan applicants should somehow infer that they must disclose the user's identity in the co-borrower fields. Under these circumstances, we find no reason why LBS could reasonably have expected Debtor to identify other intended users in the loan application. Debtor consequently had no independent duty to disclose to LBS that the car would be used by another person.

For the foregoing reasons, LBS's complaint was insufficient under Civil Rule 9(b) and did not otherwise state a fraudulent

13

omission claim under § 523(a)(2)(A). The bankruptcy court's denial of judgment on that claim was therefore not erroneous.

**C. The bankruptcy court did not err in denying default judgment on LBS's § 523(a)(6) claim.**

LBS's complaint also relied in part on § 523(a)(6). Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." "'A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" Ormsby v. First Am. Title Co. of Nev. (In re Ormsby), 591 F.3d 1199, 1207 (9th Cir. 2010) (quoting Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001)).

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. . . . [T]he (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts.

Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998).

For § 523(a)(6) purposes, conduct is "only tortious if it constitutes a tort under state law." Lockerby v. Sierra, 535 F.3d 1038, 1041-42 (9th Cir. 2008) (citing In re Jercich, 238 F.3d at 1206). And "[t]he elements of fraud under Section 523(a)(2)(A) . . . match those for actual fraud under California law . . . ." Shahverdi v. William Hablinski Architecture (In re Shahverdi), 2013 WL 2466862, at *12 (9th Cir. BAP June 7, 2013) (citing Tobin v. Sans Souci Ltd. P'ship (In re Tobin), 258 B.R. 199, 203 (9th Cir. BAP 2001)(internal quotations omitted)).

14

For the same reasons that LBS's attempted claim under § 523(a)(2)(A) is untenable, its § 523(a)(6) claim necessarily fails to assert the intentional tort of fraud under California law. Moreover, LBS's opening brief presents no argument that Debtor committed any other intentional tort - let alone one arising from willful and malicious conduct - under California law.[7] Thus, neither LBS's § 523(a)(2)(A) nor its § 523(a)(6) allegations met Civil Rule 9(b)'s particularity requirement or otherwise stated a claim for relief.

Under these circumstances, we conclude that the bankruptcy court did not abuse its discretion in denying LBS's motion for default judgment. Further, LBS's opening brief focuses solely on this denial of default judgment. It does not argue that the bankruptcy court improperly dismissed its complaint under the pending order to show cause, or for any other reason. We therefore decline to consider the issue. Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009); see also In re McGee, 359 B.R. at 770; Quarré v. Saylor (In re Saylor), 178 B.R. 209, 215 (9th Cir. BAP 1995).

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court's order denying LBS's motion for default judgment and dismissing

---

[7] The complaint alleges that when Debtor gave the vehicle to a third party, she somehow worked a conversion of it under state law. But at the hearing, neither the bankruptcy court nor LBS discussed how this act amounted to conversion or any other intentional tort under California law. Nor does LBS's brief address the issue. We therefore decline to consider it. Padgett, 587 F.3d at 986 n.2.

15

its adversary proceeding.