In re Vergil SAYLOR; Roberta Saylor, Debtors.

Phillip QUARRE, Trustee of the Quarre Marital Trust, Appellant,

v.

Vergil SAYLOR; Roberta Saylor; Steven Earl Smith, Appellees.

No. 95–55431.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1996, as to the Appellant.

Decided March 3, 1997.

William R. Warne, Law Offices of William R. Warne, Orange, California, for appellant.

No appearance for appellees.

Before: REINHARDT, HALL, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

A judgment lien creditor appeals from a decision of the Bankruptcy Appellate Panel ("BAP") upholding the bankruptcy court's ruling in favor of the debtors. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

## FACTS AND PRIOR PROCEEDINGS

The BAP summarized the relevant facts as follows:

On 24 July 1990, Plaintiff Phillip Quarre, as Trustee of the Quarre Marital Trust, ("Quarre") filed a complaint in the Superior Court of Orange County against Vergil Saylor and the Saylor Supply Corporation for breach of a lease agreement (the "Original Action"). Approximately one month later, the Saylor Supply Corporation filed for bankruptcy under Chapter 7 of the Bankruptcy Code.

On 5 December 1990, Vergil and Roberta Saylor transferred three parcels of real property to William and Frances Lyon. The only consideration the Saylors received for the transfer was a life estate in one of the three properties transferred. On 18 July 1991, the Superior court entered judgment in favor of Quarre against Vergil Saylor in the amount of $284,683.02. Seeking to satisfy his judgment in the Original Action, plaintiff filed a second complaint against the Lyons and the Saylors in Los Angeles Superior Court alleging a violation of the California Uniform Fraudulent Transfer Act (the "Fraudulent Transfer Action"). Vergil and Roberta Saylor filed their chapter 7 petition on the eve of Quarre's summary judgment motion in the Fraudulent Transfer Action, on 16 July 1993.

Quarre thereafter filed this adversary proceeding to determine the dischargeability of Saylors' debt. Saylors defaulted, and the trial court directed Quarre to submit evidence of a *prima facie* case in support of default judgment. Quarre submitted a memorandum of points and authorities and supporting evidence, consisting of a declaration of counsel attaching redacted copies of discovery material and an evidentiary stipulation with the Lyons in the Fraudulent Transfer Action, and a declaration of Mr. Lyons in opposition to Quarre's motion for summary judgment in that action.

The trial court ruled that neither [11 U.S.C.] § 523(a)(2)(A) nor § 523(a)(6) provided the basis for an award of default judgment, found Quarre had no interest in the transferred property and therefore lacked standing, and dismissed the complaint. Quarre timely appealed.

*In re Saylor,* 178 B.R. 209, 211–12 (9th Cir. BAP 1995). The BAP held, among other things, that because Quarre had failed to show an injury to his person or property that would preclude a discharge of the debtors, he lacked standing to prosecute an action for fraudulent transfer. Quarre challenges that decision on appeal.

## ANALYSIS

### Standard of Review

Because we are in as good a position as the BAP to review bankruptcy court rulings, we independently examine the bankruptcy court's decision by reviewing *de novo* its conclusions of law and examining for clear error its factual findings. *See In re Apte,* 96 F.3d 1319, 1322 (9th Cir.1996).

### Discussion

The filing of a petition in bankruptcy creates an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Against the property of this estate are arrayed those obligations from which the debtor seeks to be discharged. 11 U.S.C. § 727. A discharge in bankruptcy relieves "the debtor from all debts that arose before the date of the order for relief[.]" 11 U.S.C. § 727(b). A debt is a "liability on a claim", *see* 11 U.S.C. § 101(12), *i.e.,* a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment[.]" 11 U.S.C. § 101(5)(B).

An exception to this general rule of discharge is set forth at 11 U.S.C. § 523(a).

Section 523(a) of the Bankruptcy Code provides that a bankruptcy shall not discharge an individual debtor from certain kinds of obligations. 11 U.S.C. § 523(a). Subsection (a)(6), in particular, states that a debtor is not entitled to discharge of prepetition debts for "willful and malicious injury by the debtor to another entity or to the property of another entity." *Id.* We have held that an act is "willful and malicious" when done intentionally and the act

necessarily produces harm and is without just cause or excuse. *In re Cecchini,* 780 F.2d 1440, 1443 (9th Cir.1986). The act may be "willful and malicious" even absent proof of specific intent to injure. *Id.*

*In re Zelis,* 66 F.3d 205, 208 (9th Cir.1995).

Boiled down to its essence, section 523(a)(6)'s "willful and malicious" exception to nondischargeability serves to preclude a debtor from obtaining a discharge of an obligation based on a claim arising out of the debtor's tortious misconduct, when that misconduct results in harm to another's person or property. *In re Riso,* 978 F.2d 1151, 1154 (9th Cir.1992).

On the date they filed their petition in bankruptcy, the Saylors no longer had any apparent legal or equitable interest in the property represented by the three parcels of real estate, because they had transferred that property to the Lyons nearly three years earlier.[1] Quarre argues that the property in question is not simply these three parcels of real estate; rather, it is the claim that his state fraudulent transfer rights were violated when the Saylors transferred the three parcels of real estate to the Lyons in order to avoid having to pay the debt which resulted from the Saylors having breached their contract with Quarre.[2]

We reject this argument for the reasons set forth in the BAP's opinion. *In re Saylor,* 178 B.R. at 212–15. Quarre's claim that he possesses a property interest in the fraudulent transfer remedies provided by state law does not fit within the definitions of either "debt" or "property" for purposes of section 523(a)(6), and runs counter to the long-standing principle that exceptions to dischargeability are to be narrowly construed. *See id.* at 214 (citing *In re Riso,* 978 F.2d at 1154, and *In re Rahm,* 641 F.2d 755 (9th Cir.1981)). Quarre's claim had not been reduced to judgment at the time the three parcels of real estate were transferred, and he had no security interest in the property represented thereby.[3]

Because we find no merit to Quarre's arguments, the decision of the BAP upholding the bankruptcy court's ruling in favor of the debtors is

AFFIRMED.

---

1. It is largely due to this three-year time lapse that neither section 548 nor section 727 of the Bankruptcy Code applies to the instant appeal. Section 548(a)(1) permits a bankruptcy trustee to avoid a debtor's transfer of property made with the intent to hinder, delay, or defraud a creditor, *if* the transfer occurred within one year of the filing of the bankruptcy petition. Similarly, section 727(a)(2)(A) prohibits a bankruptcy court from discharging a debtor who transferred property with the intent to hinder, delay, or defraud a creditor, *if* that transfer occurred within one year of filing the petition in bankruptcy.

2. While not central to our holding, it is important to understand what Quarre does *not* argue. He does not contend that discharge should have been denied because the three parcels of real estate still belong to the Saylors, nor does he claim that discharge was improper because the

transfer occurred within one year of the filing of the bankruptcy petition. Moreover, as the Lyons are not parties to the adversary proceeding in bankruptcy, Quarre does not seek to have the bankruptcy court set aside the transfer.

3. We note in passing that the bankruptcy court's dismissal followed the bankruptcy trustee's announcement that the case was a "no asset" matter, which Quarre argues constituted a *de facto* abandonment of the property represented by his claim. Abandonment requires formal notice and a hearing, *see* 11 U.S.C. § 544(a); Bankr.R. 6007(a), and any interested party can request such by filing and serving a motion asking the trustee to do so. 11 U.S.C. § 544(b); Bankr.R. 6007(b). Quarre failed to do so. *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 709–10 (9th Cir.1986).