MEMORANDUM **
Rus, Miliband, & Smith (“RMS”) appeals the district court’s affirmance of a bankruptcy court’s order disgorging an $84,955.85 retainer (the “Retainer”) paid by Dick Cepek, Inc. to RMS for legal services rendered in Dick Cepek’s Chapter 11 bankruptcy case. After the bankruptcy court first ordered disgorgement in order to equalize payments among all Chapter 11 administrative claimants pursuant to 11 U.S.C. § 726(b), RMS appealed to the Bankruptcy Appellate Panel for the Ninth Circuit (“BAP”). The BAP held that “a professional with a valid prepetition security retainer that has been properly documented, disclosed, and approved cannot be required to surrender it in the interest of equal treatment under § 726(b).” In re Dick Cepek, Inc., 339 B.R. 730, 732 (9th Cir. BAP 2006). The BAP remanded to the bankruptcy court to decide (1) whether, under California law, Dick Cepek granted RMS “an enforceable security interest in the funds”; and (2) if so, whether RMS “made an adequate disclosure of its secured interest in the Retainer.” Id. at 741.
On remand, the bankruptcy court again ordered disgorgement, finding that there was neither a secured interest nor, assuming a secured interest, adequate disclosure. The court also rejected RMS’s argument that it had an equitable lien in the Retainer. RMS appealed to the district court, which reviewed the bankruptcy court’s decision for clear error and affirmed. RMS now appeals the district court’s judgment. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
On appeal of a district court’s affirmance of a bankruptcy court ruling, we conduct *499 an independent review of the bankruptcy court’s decision. In re At Home Corp., 392 F.3d 1064, 1067 (9th Cir.2004) (citing In re Marquam Inv. Corp., 942 F.2d 1462, 1465 (9th Cir.1991)). The facts in this case are undisputed. Consideration of (1) whether the disclosure that occurred was adequate, and (2) whether RMS had an enforceable security interest in the Retainer requires application of legal standards to the undisputed facts and, thus, is a mixed question of fact and law that we review de novo. See In re Bammer, 131 F.3d 788, 792 (9th Cir.1997). The bankruptcy court’s finding that RMS did not acquire an equitable lien is also reviewed de novo, see In re Saylor, 108 F.3d 219, 220 (9th Cir.1997), though the underlying factual finding that RMS did not reasonably rely on the existence of a security interest in the Retainer funds is reviewed for clear error. In re Contractors Equip. Supply Co., 861 F.2d 241, 243 (9th Cir. 1988).
For the purposes of this decision, we assume without deciding that Appellant had a security interest in the Retainer. Such an interest must be disclosed under § 726(b). As noted by the BAP in this case, “[t]here must at a minimum be full and timely disclosure of the details of any given arrangement.” In re Dick Cepek, Inc., 339 B.R. at 740 (citing In re Martin, 817 F.2d 175, 182 (1st Cir.1987)). In this case, RMS made no such full disclosure of its interest.
RMS disclosed receipt of the Retainer to the bankruptcy court, creditors, and the United States Trustee when it filed and served its notice of employment application in April 1999 (the “Notice”) and when it filed and served its employment application in June 1999 (the “Application”). However, these disclosures did not show that RMS claimed a security interest in the Retainer. Looking at the very disclosures cited by RMS makes clear that if, in fact, a security interest was contemplated by the parties to the Retainer, no such security interest was disclosed. The Application states that “Debtor provided [RMS] with an advance against fees and expenses____in the amount of $84,955.85 (the ‘Advance’).” After defining the Retainer as the “Advance,” the Application later refers to the Retainer as “the Retainer” and “the Advance.” The statement of disinterestedness in connection to the Application states that “Debtor provided [RMS] with an advance against fees and expenses.” The Application and the supporting materials filed in connection with the Application never explicitly refer to a security interest in the Retainer or give any indication that RMS considered itself to have a security interest in the Retainer. Likewise, the Notice simply states that Appellant “received a pre-petition advance against fees.” RMS therefore failed to properly disclose any security interest.
Given RMS’s failure to disclose any security interest or equitable lien in the Retainer, we need not decide whether any such interest was actually created. We therefore hold that the bankruptcy court properly ordered disgorgement of the Retainer. Additionally, given RMS’s failure to disclose any security interest, as required by law, we hold that equity does not require recognition of an equitable lien. The order of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.