**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re JOHN PATRICK KEAHEY, | No. 09-60000 |
| Debtor, | BAP No. WW-08-1151-PaJuKa |
| JEFF E. JARED, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| JOHN PATRICK KEAHEY, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Jury, and Kaufman, Bankruptcy Judges, Presiding

Argued and Submitted August 5, 2010
Seattle, Washington

Before: CANBY, THOMPSON and BERZON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Jeff E. Jared appeals a decision of the Bankruptcy Appellate Panel ("BAP") affirming an order of the United States Bankruptcy Court for the Western District of Washington in which the court held that Jared had committed the tort of outrage in attempting to collect a debt owed by Chapter 13 Debtor and Appellee John P. Keahey. The bankruptcy court subsequently awarded Keahey $98,376.01 in damages, $51,287.50 in attorneys' fees, and $2,756.84 in costs.

Jared assigns four errors: first, that the court incorrectly held that his conduct was "extreme and outrageous," thereby satisfying the first element of the tort of outrage; second, that the court lacked a legal basis for awarding attorneys' fees to Keahey; third, that the court improperly took judicial notice of an attorneys' fees and costs application in the related bankruptcy case; and, fourth, that the court exhibited bias against him. We vacate the award of attorneys' fees and remand that matter for further proceedings. We affirm in all other respects.[1]

The parties are aware of the facts of this case. We therefore recite them only to the extent necessary to our disposition of the case.

---

[1] We have jurisdiction of the appeal pursuant to 28 U.S.C. § 158(d)(1). Because we are in as good a position as the BAP to consider the decision of the bankruptcy court, we independently review the decision without deference to the BAP. *See In re Saylor*, 108 F.3d 219, 220 (9th Cir. 1997). We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *See id.* We review de novo mixed questions of law and fact. *See In re Bammer*, 131 F.3d 788, 792 (9th Cir. 1997) (en banc).

2

# DISCUSSION

## I. "Extreme and Outrageous" Conduct

The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress. *See Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003) (en banc). Jared contends that the first element was not established. He does not contest the underlying factual findings of the bankruptcy court, but argues that those facts do not support the court's finding that Jared's conduct was "extreme and outrageous." We reject his contention.

The bankruptcy court based its finding of outrageousness on numerous misdeeds committed by Jared in the attempted foreclosure proceedings, including the following:

> Jared "had no idea how to conduct a non-judicial foreclosure sale[,] . . . did just about everything wrong," and "signaled to Mr. Keahey with each and every communication that Mr. Keahey would never be able to keep his house."

> Jared stipulated to having breached his fiduciary duty to Keahey as a trustee under Washington's Deed of Trust Act (the "DOTA"). *See* Wash. Rev. Code Ann. §§ 61.24.010(4).

> Although "there was no . . . interest due under the note," Jared demanded a 10 percent interest charge, amounting

3

at first to $36,000—a "huge amount[] to people like Keahey." He likewise demanded payment for incorrect and excessive property tax, insurance, and utility charges.

Jared arranged for the foreclosure sale to take place in the parking lot of his condominium, rather than a public place, as required by the DOTA. Jared later testified that he opted for the parking lot because he "was going to personalize it, make it nice for the bidders, . . . [to] boutiquify it."

Even "[w]hen the claimed defaults were cured, Mr. Jared immediately claimed new defaults entitling him to restart the foreclosure process and charge additional fees and costs for his own benefit." By continually and unjustifiably varying the amount of debt owed, he unjustly prevented Keahey from exercising the right to cure for a period of three years.

On this record, we conclude that "reasonable minds (such as the one exercised by the trial judge) could conclude that, in light of the severity and context of the conduct, [the defendant's conduct] was *beyond all possible bounds of decency, . . . atrocious and utterly intolerable in a civilized community*." *Robel v. Roundup Corp.*, 59 P.3d 611, 620 (Wash. 2002) (emphasis original) (internal quotation marks and citations omitted).[2] We therefore affirm the finding of outrageousness.

---

[2] Even if we review the bankruptcy court's finding of outrage de novo as a mixed question of law and fact, *see In re Bammer*, 131 F.3d 788, 792 (9th Cir. 1997)(stating standard of review of mixed questions), we reach the same result.

**II.    The Fees-and-Costs Provision of the Washington Deed of Trust Act**

Jared argues that the bankruptcy court erred in awarding attorneys' fees on the basis of the fees-and-costs provision of the Deed of Trust Act.[3]  *See* Wash. Rev. Code Ann. § 61.24.090(2).  We review de novo the interpretation and application of state statutes.  *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

Jared's primary contention is that the underlying adversary action was not an action to determine the reasonableness of any fees under the Deed of Trust Act, but was an entirely different " personal injury tort trial."  We agree with Jared, but only in part.

The Deed of Trust Act is meant to provide an alternative to the judicial foreclosure process by authorizing the foreclosure of deeds of trust without resort to litigation.  *See* Joseph L. Hoffmann, Comment, *Court Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington*, 59 Wash. L. Rev. 323, 323 (1984).  The fees-and-costs provision provides in pertinent part:

> Any person entitled to cause a discontinuance of the sale
> proceedings shall have the right, before or after
> reinstatement, to request any court . . . to determine the
> reasonableness of any fees demanded or paid as a

---

[3] Because Jared has included no argument against the award of costs, we address only the award of attorneys' fees.

> condition to reinstatement. The court shall make such determination as it deems appropriate, which may include an award to the prevailing party of its costs and reasonable attorneys' fees . . . .

Wash. Rev. Code Ann. § 61.24.090(2). The "fees demanded or paid" are the fees a party must pay the trustee "to cause a discontinuance of the sale proceedings by curing the default set forth in the notice." *Id.* § 61.24.090(1)(b). These provisions do not appear to have been construed by any Washington court.

Jared contends that § 61.24.090(2) contemplates a limited action by a plaintiff to forestall foreclosure and to contest the reasonableness of fees demanded or paid as a condition of curing defaults owing under a deed of trust. He argues that the action under review was a totally different proceeding – an adversary action based on the tort of outrage. Under the normal American rule, the prevailing party in a tort action is not entitled to an award of attorneys' fees. *See McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 35 n.8 (1995).

We agree with Jared that Keahey's adversary tort action went well beyond a mere challenge to the fees charged as a condition of reinstatement and that, accordingly, Keahey was not entitled to recover all or even most of his fees for the tort action. We do not, however, construe § 61.24.090(2) to be as limited as Jared contends. It permits a challenge to excessive fees demanded to cure a default

under a deed of trust to be brought in "any court."[4] The statute does not specify the form in which a request to determine reasonableness of fees must be made. Keahey's complaint recites that Jared imposed excessive fees as a condition of terminating the foreclosure attempts, and excessive fees were an element in the bankruptcy court's findings of outrage, which we have already quoted.

Under these circumstances, we conclude that the bankruptcy court and appellate panel could reasonably conclude that some portion of the litigation of the outrage claim, and some limited part of the recovery, fell within the scope of § 61.24.090(2). We also conclude, however, that at least a majority of the fees were incurred in successfully prosecuting the tort action that resulted in a recovery that went well beyond any restitution of overcharges of fees or costs.

We therefore vacate the award of attorneys' fees and remand the matter for a determination of the portion of the tort recovery that may reasonably be interpreted as representing a refund of fees excessively charged or demanded. Attorneys' fees reasonably attributable to that proportion of the total tort recovery may then be awarded under § 61.24.090(2).

**III. Judicial Notice of Application for Attorneys' Fees and Costs in the Bankruptcy Proceeding.**

---

[4] The only qualification of "any court" in § 61.24.090(2) is an exclusion, not relevant here, of small claims courts.

In determining the amount of damages due Keahey, the bankruptcy court took judicial notice of an application for, and award of, attorneys' fees to Keahey's counsel in the related bankruptcy case. Jared contends that it was error to take judicial notice of the award because, unlike "statistics or geographical, historical or scientific facts," requests for attorneys' fees and costs "are just not something courts admit into evidence via judicial notice."[5]

The bankruptcy court did not abuse its discretion. A trial court may take judicial notice of its own records, even in unrelated cases, provided that the court complies with Federal Rule of Evidence 201 concerning judicial notice of adjudicative facts. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the bankruptcy court took notice of an award of attorneys' fees and costs, granted after notice (including notice to Jared) and hearing, in a directly related case. The facts in question were "capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned," and were properly subject to judicial notice. *See* Fed. R. Evid. 201(b)(2).

## IV.   Judicial Bias

---

[5] We review for an abuse of discretion a trial court's decision to take judicial notice. *See United States v. Daychild*, 357 F.3d 1082, 1099 n.26 (9th Cir. 2004).

Jared claims that the bankruptcy court exhibited bias sufficient to require a retrial when it expressed an opinion and a preliminary ruling at a phone conference before the trial. Having considered the transcript in its entirety, we find no indication of bias or hostility in the court's remarks. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). Furthermore, the remarks reflected no extrajudicial source. *See id*. We therefore find no merit in Jared's claim of bias.

## CONCLUSION

The order of the bankruptcy court is **VACATED** as to the award of attorneys' fees, and that matter is remanded for further proceedings. In all other respects, the judgment of the Bankruptcy Appellate Panel is **AFFIRMED.** The parties will bear their own costs on appeal.

**AFFIRMED IN PART, VACATED and REMANDED in part.**