NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. CC-14-1071-PaTaKu |
| ) | CC-14-1073-PaTaKu |
| GUILLERMINA AGUILAR, ) | (Related Appeals) |
| ) | |
| Debtor. ) | Bankr. No. 13-28245-BR |
| _____ ) | |
| ) | Adv. Proc. 13-02076-BR |
| GUILLERMINA AGUILAR, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| OCWEN LOAN SERVICING, LLC; ) | |
| INDY MAC MORTGAGE SERVICES; ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC.; ) | |
| QUALITY LOAN SERVICING ) | |
| CORPORATION; PITE DUNCAN, LLP,) | |
| ) | |
| Appellees. ) | |
| _____ ) | |
| GUILLERMINA AGUILAR, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| OCWEN LOAN SERVICING, LLC; ) | |
| INDY MAC MORTGAGE SERVICES, ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on November 20, 2014
at Los Angeles, California

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding

Appearances:    Appellant Guillermina Aguilar argued pro se,
                assisted by translator Victor Rivera; Kerry W.
                Franich of Severson & Werson PC argued for
                appellees Mortgage Electronic Registration
                Systems, Inc., Ocwen Loan Servicing, LLC, and Indy
                Mac Mortgage Services; Melissa Robbins Coutts of
                McCarthy & Holthus, LLP argued for appellee
                Quality Loan Servicing Corporation.

Before: PAPPAS, TAYLOR, and KURTZ, Bankruptcy Judges.

These are related appeals by chapter 7[2] debtor Guillermina Aguilar ("Aguilar"). In No. 14-1071, Aguilar appeals the order of the bankruptcy court dismissing her adversary proceeding against Ocwen Loan Servicing, LLC ("Ocwen"), Indy Mac Mortgage Services ("Indy Mac"), Quality Loan Servicing Corp. ("QLS"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). In No. 14-1073, she appeals the bankruptcy court's order granting relief from the stay to Ocwen. We AFFIRM both orders.

**FACTS**

Because the appeals involve many common facts and the same property, we recite here the relevant facts and, below, set forth a separate discussion of the issues raised concerning the two

___

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1–86.

appeals.

We are hindered in our review in this appeal because Aguilar did not supply the Panel with required excerpts of record, nor do her appellate briefs contain any significant citations to legal authorities. Appellees provided some necessary documents for our consideration in their excerpts. As our motions panel previously advised the parties, to aid in our review, we may take judicial notice of the bankruptcy court's dockets in the bankruptcy case and adversary proceeding. O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert), 887 F.2d 955, 957-58 (9th Cir. 1988).

## Prepetition Events

On May 2, 2007, Aguilar and her husband borrowed $406,500 from Indy Mac to purchase a property in Los Angeles (the "Property"). To secure the loan, they signed a promissory note and deed of trust encumbering the Property. MERS was designated in the deed of trust as beneficiary, solely as nominee for IndyMac.

In November 2009, MERS assigned the deed of trust to OneWest Bank, N.A ("OneWest"). Later in November 2009, OneWest substituted QLS as the trustee under the deed of trust. QLS sent Aguilar a Notice of Default for failure to make payments due under the note on November 24, 2009.

QLS issued a notice a trustee's sale of the Property on April 23, 2013, alleging that the unpaid balance on the note was $575,335, and scheduling the trustee's sale for May 23, 2013.

On or about September 19, 2013, OneWest assigned the deed of trust to Ocwen.

-3-

## The Bankruptcy Petitions[3]

Aguilar filed a chapter 7 petition, case no. 13-11933, on January 24, 2013; it was dismissed on February 13, 2013, for failure to file required papers. Aguilar filed another chapter 7 petition, case no. 13-14222, on February 19, 2013; it was also dismissed for failure to file information on March 14, 2013. She filed a third chapter 7 petition on March 22, 2013, case no. 13-17436; this bankruptcy case remains open, and entry of Aguilar's discharge has been withheld because of her failure to file the requisite bankruptcy counseling certificate.

Aguilar filed a joint chapter 13 petition with her husband, Jose Joel Aguilar, case no. 13-23380, on May 22, 2013; the bankruptcy court granted the Aguilars' request for voluntary dismissal of this case on July 24, 2013.

Aguilar filed a fourth individual petition under chapter 7, commencing the bankruptcy case out of which these appeals arise, on July 18, 2013. On her Schedules A and D, she listed the Property as an "investment property" with a secured claim of $641,602.37 in favor of Indy Mac, and a current value of $426,176.00.

## Relief from Stay

Ocwen filed a motion for relief from the automatic stay in the bankruptcy case on January 13, 2014 and its amended motion on January 15, 2014. In it, Ocwen sought relief to foreclose the trust deed under § 362(d)(1), alleging that its interest in the

---

[3] All of the bankruptcy petitions discussed here were filed with the bankruptcy court in the Central District of California.

Property was not adequately protected and that the bankruptcy case was filed in bad faith; under (d)(2), alleging that Aguilar lacked any equity in the Property; and under (d)(4), alleging that Aguilar had engaged in a scheme to hinder, delay, or defraud her creditors by the multiple bankruptcy filings. In response, Aguilar indicated that she had filed an adversary proceeding concerning the Ocwen loan seeking to quiet title to the Property.

The bankruptcy court conducted a hearing on the motion for stay relief on February 18, 2014. Aguilar appeared pro se, assisted by a translator; Ocwen was represented by counsel. The court indicated its intention to grant the stay relief motion, commenting:

> From my standpoint, this is — our records, it's either the sixth or seventh bankruptcy. I think you've abused the bankruptcy system and you haven't paid anything for at least four years. So I'm going to grant the request.

Hr'g Tr. 4:14-17, February 18, 2014.

The bankruptcy court entered an order on February 20, 2014, granting relief from stay in Ocwen's favor under § 362(d)(1), (d)(2) and (d)(4) (the "Stay Relief Order"). Aguilar filed a timely appeal of the Stay Relief Order.

**The Adversary Proceeding**

On November 1, 2013, Aguilar filed an adversary complaint against Ocwen, QLS, Indy Mac, and MERS, asserting a claim for declaratory relief and quiet title to the Property. She also alleged violations of Cal. Civ. Code § 2923.5 and Rule 3001; the complaint was amended on December 31, 2013.

In both the original and amended complaints, Aguilar listed both herself and the chapter 7 trustee, Rosendo Gonzalez

-5-

("Trustee"), as plaintiffs. On January 29, 2014, Trustee filed a "Trustee's Notice of Debtor's Improper Filing of Pleadings" in the adversary proceeding in which he advised the bankruptcy court and other parties that, "at no time has the Trustee authorized, agreed, signed, instructed, or advised the Debtor or anyone in this case to file a pleading purportedly on behalf of the Trustee."

Ocwen, Indy Mac, and MERS filed a motion to dismiss the amended complaint on January 7, 2014, arguing that Aguilar lacked standing to pursue the action because the Property was property of the bankruptcy estate, and that only the chapter 7 trustee could assert the claims made in the amended complaint; the defendants sought dismissal under Civil Rule 12(b)(6), applicable in adversary proceedings via Rule 7012, for failure to state a claim upon which any relief could be granted. QLS joined in the dismissal motion on February 5, 2014.

The hearing on the motion to dismiss took place on February 18, 2014. Aguilar was present, aided by a translator. Defendants were represented by counsel. Explaining its intention to grant the motion, the court observed:

> I am going to dismiss this complaint. []There are a number of things . . . that I agree with in [Defendants'] papers, but it's not [Aguilar's] motion to file. . . . [T]his lawsuit is property of the Chapter 7 trustee . . . . There's simply no ability to bring this cause of action on behalf of [Aguilar]. . . . I am going to grant the motion to dismiss.

Hr'g Tr. 4:13-21.

On March 5, 2014, the bankruptcy court entered the order dismissing the adversary proceeding, without leave to amend, for

-6-

the reasons it had recited at the hearing. Aguilar filed a timely appeal.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court abused its discretion in granting relief from the stay.

Whether the bankruptcy court erred in dismissing the adversary proceeding under Civil Rule 12(b)(6).

## STANDARDS OF REVIEW

We review a bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. Arneson v. Farmers Ins. Exch. (In re Arneson), 282 B.R. 883, 887 (9th Cir. BAP 2002). To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc).

The bankruptcy court's dismissal of an adversary proceeding under Rule 7012/Civil Rule 12(b)(6) is reviewed de novo. N.M. State Inv. Council v. Ernst & Young, LLP, 641 F.3d 1089, 1094 (9th Cir. 2011); Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011).

-7-

## I.
## No. 14-1073
## The bankruptcy court did not abuse its discretion in granting relief from stay.

The bankruptcy court granted Ocwen's motion for relief from stay because Aguilar had not made any payments on the secured note in over four years and had filed multiple bankruptcy petitions within the preceding one year, which the court concluded amounted to an abuse of the bankruptcy system. Although we find no abuse of discretion in the court's order, because of the repeated filings, it appears the order was unnecessary as there was no automatic stay in effect in the bankruptcy case.

The court granted relief from stay under § 362(d)(1), (d)(2) and (d)(4), which provide:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;
>
> . . .
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either–
> (A) transfer of all or part ownership of, or other interest in, such real property without the

-8-

consent of the secured creditor or court approval; or
    (B) multiple bankruptcy filings affecting such
real property.

Section 362(d)(1) enables a creditor to obtain an order terminating the automatic stay to pursue foreclosure proceedings against estate property "for cause." The "cause" explicitly referenced in § 362(d)(1) is lack of adequate protection, but it is only an example, rather than the exclusive grounds for relief, under § 362(d)(1). Ellis v. Parr (In re Ellis), 60 B.R. 432, 435 (9th Cir. BAP 1985). What constitutes adequate cause to terminate the automatic stay is determined on a case-by-case basis. Delaney-Morin v. Day (In re Delaney-Morin), 304 B.R. 365, 369 (9th Cir. BAP 2003) (citing MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir. 1985)). The party seeking to preserve the stay, in this instance Aguilar, has the burden of proof to establish that there is no cause to terminate the stay. § 362(g); In re Ellis, 60 B.R. at 435.

Here, Ocwen showed that Aguilar had not made any payments on the loan in over four years, which amounted to fifty-three missed payments, totaling $164,128.31. We have held that a debtor's persistent failure to make payments, standing alone, may constitute adequate cause for relief from the stay. In re Ellis, 60 B.R. at 435; see also, Price v. Del. State Police Fed. Credit Union (In re Price), 370 F.3d 362, 373 (3d Cir. 2004) ("A persistent failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay."). The bankruptcy court therefore did not abuse its discretion granting relief from stay to Ocwen under § 362(d)(1).

Section 362(d)(2) authorizes relief from the stay when the

debtor lacks equity in the property and it is not necessary to effective reorganization. In this context, equity is "the amount or value of a property above the total liens or charges." Stewart v. Gurley, 745 F.2d 1194, 1195 (9th Cir. 1984). The requirement that the property not be necessary for reorganization is not implicated in a chapter 7 liquidation bankruptcy case since no reorganization is contemplated. In re Vitreous Steel Prods. Co., 911 F.2d 1223, 1232 (7th Cir. 1990). Although the bankruptcy court did not make explicit findings under § 362(d)(2), it was aware from Aguilar's bankruptcy schedules and the declaration of Ocwen's agent that both parties valued the Property at $426,176.00, and that Ocwen's loan balance was $641,602.37. In the absence of other proof, it clearly appeared that Aguilar lacked equity in the Property. The bankruptcy court therefore did not abuse its discretion in granting relief from stay to Ocwen under § 362(d)(2).

Section 362(d)(4)(B) allows the bankruptcy court to grant relief from stay to a creditor whose debt is secured by real property where it is shown that the debtor has engaged in a scheme to delay, hinder or defraud creditors through multiple bankruptcy filings. First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.), 470 B.R. 864, 870 (9th Cir. BAP 2012); see also (Behrens v. U.S. Bank, N.A. (In re Behrens), 501 B.R. 351, 355 (8th Cir. BAP 2013). Here, the bankruptcy court found that Aguilar had engaged in such a scheme by making four bankruptcy filings within the past twelve months, most of which were dismissed based upon her failure to prosecute them, and that her conduct constituted an abuse of the

bankruptcy process. The record adequately supports this finding. It is undisputed that Ocwen is a creditor with a secured interest in the Property, and Aguilar has not challenged in this appeal the court's finding that she was engaged in such a scheme. Thus, the bankruptcy court did not abuse its discretion in granting relief from stay under § 362(d)(4).

While we conclude the bankruptcy court had ample cause to terminate the automatic stay, as it turns out, there was no automatic stay in effect for the bankruptcy court to terminate in this case. Our review of the record indicates that Aguilar filed three cases within twelve months before her current petition and that all of these were dismissed for reasons other than abuse under § 707(b). Consequently, under § 362(c)(4)(A), no automatic stay ever arose in the current bankruptcy case. That Code provision states:

> (4)(A)(I) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case[.]

§ 362(c)(4)(A)(I).

The Panel has held that, through § 362(c)(4), Congress intended that, when a debtor commences a third bankruptcy case (i.e., where the debtor has had two pending cases within the previous year that were dismissed for reasons other than under § 707(b)), the automatic stay "shall not go into effect upon the filing of the later case." § 362(c)(4)(A)(I); Reswick v. Reswick (In re Reswick), 446 B.R. 362, 372-73 (9th Cir. BAP 2011). In

-11-

contrast to a second filing within the same year, where the automatic stay goes into effect but then terminates on the thirtieth day after the petition date if an extension is not obtained, for a third filing (and, a fortiori, in a fourth filing within one year such as this one), the automatic stay simply does not arise at all. Nelson v. George Wong Pension Trust (In re Nelson), 391 B.R. 437, 452 (9th Cir. BAP 2008) ("Clearly, Congress could, and did, intend the consequences of repeat filings to be different, and potentially more severe, as the number of successive filings increases.").

On this record, we conclude that the bankruptcy court did not abuse its discretion in granting relief from stay under § 362(d)(1), (d)(2), and (d)(4). Moreover, as an alternative basis for our holding, it appears that there never was a stay in effect in Aguilar's current bankruptcy case, such that the bankruptcy court could not err by purporting to terminate it. Further, a fair view of the bankruptcy court's reasoning is that the court was principally concerned with stopping the abuse of the bankruptcy process by Aguilar's serial bankruptcy filings and entered its decision under § 362(d)(1), (2) and (4) to prevent the continuing abuse.

## II.
### No. 14-1071
**The bankruptcy court did not err in dismissing Aguilar's adversary proceeding under Civil Rule 12(b)(6).**

Although very difficult to decipher, Aguilar appears to make one claim for relief in her First Amended Complaint. She seeks to quiet title in the Property, making various allegations of improper procedures in transfer of the note and deed of trust.

-12-

We examine that claim and allegations below.  But first we examine whether Aguilar has standing to bring any claims related to the Property.

### A.   Aguilar lacked standing to prosecute the adversary proceeding.

Under Civil Rule 12(b)(6), made applicable in adversary proceedings via Rule 7012, a bankruptcy court may dismiss a complaint if it fails to "state a claim upon which relief can be granted."  In reviewing a Civil Rule 12(b)(6) motion, the bankruptcy court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.  Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011); Newcal Indus., Inc. v. Ikon Office Solutions, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008).  However, the trial court need not accept as true conclusory allegations in a complaint, or legal characterizations cast in the form of factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

To avoid dismissal under Civil Rule 12(b)(6), a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim cannot be plausible when it has no legal basis.  Cedano v. Aurora Loan Servs. (In re Cedano), 470 B.R. 522, 528 (9th Cir. BAP 2012).  A dismissal under Civil Rule 12(b)(6) may be based on either the lack of a cognizable legal theory, or on the absence of sufficient facts alleged under

-13-

a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). Importantly for this appeal, dismissal for lack of standing is a subspecies of dismissal for failure to state a claim under Civil Rule 12(b)(6). Quarre v. Saylor (In re Saylor), 178 B.R. 209, 215 (9th Cir. BAP 1995), aff'd, 108 F.3d 219 (9th Cir. 1997).

Here, the bankruptcy court's basis for dismissing Aguilar's adversary proceeding was that, "[this lawsuit] is property of the Chapter 7 trustee . . . . There's simply no ability to bring this cause of action on behalf of [Aguilar]. . . . I am going to grant the motion to dismiss." Hr'g Tr. 4:14-20, February 18, 2014. In other words, the bankruptcy court concluded that only the chapter 7 trustee in the bankruptcy case had the legal standing to pursue the claims stated in Aguilar's amended complaint, and that Aguilar did not have standing. We conclude that the bankruptcy court did not err in dismissing the adversary proceeding.

Recall, Trustee had explicitly informed the bankruptcy court in the "Trustee's Notice of Debtor's Improper Filing of Pleadings" that, "[A]t no time has the Trustee authorized, agreed, signed, instructed, or advised the Debtor or anyone in this case to file a pleading purportedly on behalf of the Trustee." Legal claims and causes of action held by a debtor against others existing at the time of the bankruptcy filing become property of the bankruptcy estate. City & Cnty. of San Francisco v. PG&E Corp., 433 F.3d 1115, 1126 (9th Cir. 2006); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 708 (9th Cir. 1986). An asset remains property of the estate

-14-

while the bankruptcy case remains open, unless explicitly abandoned. Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001).

Section 323(g) provides that "[t]he trustee in the case is the representative of the estate." For this reason, the Ninth Circuit has held "that the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate." Estate of Spirtos v. One San Bernadino Cnty. Super. Ct. Case No. SPR 02211, 443 F.3d 1172, 1175 (9th Cir. 2006); accord, Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) (the trustee "is the only party with standing to prosecute causes of action belonging to the estate").

Since only Trustee had standing to assert the claims in Aguilar's amended complaint, and because he had explicitly informed the bankruptcy court that Aguilar's filing of the complaint naming him as a co-plaintiff was an "improper pleading," we conclude that the bankruptcy court's determination that Aguilar did not have standing to prosecute the adversary proceeding is a sufficient finding for dismissal under Civil Rule 12(b)(6).[4]

---

[4] The bankruptcy court ruled only on the basis of standing and apparently disregarded Ocwen's additional jurisdictional arguments. On appeal, Ocwen nevertheless continued its arguments that the bankruptcy court had neither arising under, arising in, nor related to jurisdiction on the quiet title claim, because "it relates to heretofore unidentified property that does not belong to the bankruptcy estate." The quiet title dispute, however, relates to the rights, liabilities, options, and freedom of action of debtor Aguilar and creditor Ocwen in the Property, which is indisputably property of the estate. Thus, there is, at the very least, related to jurisdiction. Battle Ground Plaza,
(continued...)

-15-

**B.    Aguilar's claim for quiet title lacks merit.**

Even if Aguilar had the necessary standing to prosecute the adversary proceeding, the claim stated in her amended complaint is without merit.

Although less than a model of clarity, Aguilar's claim is for declaratory relief and quiet title.  She first alleges that the "true beneficiary [of the deed of trust] is not identified in the foreclosure documents against debtor and, thus, no power of sale is conferred upon the foreclosing parties since they are not the lien holders of the note."

This statement lacks a basis in law because California does not require a foreclosing party to have possession of the note or even a beneficial interest in it.  Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal.App.4th 433, 440 (2012); Lane v. Vitek Real Estate Indus. Grp., 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010)("There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose.").  Nevertheless, Ocwen presented detailed documentary evidence of all transfers demonstrating that QLS was trustee under the deed of trust with authority to foreclose on the Property.  Specifically, Ocwen presented documents evidencing MERS as the original beneficiary, solely as nominee for IndyMac.  MERS assigned the deed of trust to OneWest.  OneWest assigned the deed of trust to Ocwen.  Ocwen is the present holder and beneficiary of the deed of trust.  As

[4](...continued)
LLC v. Ray (In re Ray), 624 F.3d 1124, 1134 (9th Cir. 2010).
Ocwen's other jurisdictional arguments are equally misplaced.

-16-

Ocwen is the present beneficiary under the deed of trust and QLS is the current trustee, they are either or both authorized to initiate a nonjudicial foreclosure in California. CAL. CIV. CODE § 2924.

In support of the claim for quiet title, Aguilar makes several other arguments. First, Aguilar asserts that Cal. Civ. Code § 2932.5 was violated because Appellees failed to record the assignments of the deeds of trust. Ocwen provided documentary evidence that each assignment was in fact recorded. In any case, Cal. Civ. Code § 2932.5 does not apply to deeds of trust and there is no requirement that they be recorded. In re Salazar, 470 B.R. 557 (S.D. Cal. 2011). Finally, Aguilar argues that the deed of trust was never perfected. Aguilar's argument is pointless, because even an unperfected lien still binds the party who entered into it. Gribble v. Mauerhan, 188 Cal.App.2d 221, 228 (1961).

In other general arguments in her First Amended Complaint, Aguilar alleged that her rights under Cal. Civ. Code § 2923.5 were violated when she was denied a loan modification. We have examined this lengthy statute and have found no requirement in its text that a lender offer a borrower a loan modification. Regardless, the only fact Aguilar pled to support this allegation was the bankruptcy court's order stating that Aguilar could enter into loan modification discussions without exposing lenders to violation of the stay.

Finally, Aguilar argues that Ocwen and the other defendants violated Rule 3001 when they failed to file a proof of claim in the bankruptcy case. However, Ocwen as a secured creditor is not

-17-

required to file a proof of claim in a chapter 7 case in order to preserve its security interest or liens; such interests pass through the bankruptcy unaffected despite the absence of a proof of claim. § 501(a); Rule 3002(a); <u>Dewsnup v. Timm</u>, 502 U.S. 410, 418 (1992); <u>Brawders v. Cnty. of Ventura (In re Brawders)</u>, 503 F.3d 856, 872 (9th Cir. 2007).

We conclude that the bankruptcy court did not err in determining that Aguilar lacked legal standing to prosecute the adversary proceeding. Aguilar's arguments in this appeal lack merit.

**CONCLUSION**

We AFFIRM the bankruptcy court's orders in both appeals.